IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROGER DALE CAMPBELL                                           PETITIONER

vs.            Civil Case No. 5:06CV00283 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                             RESPONDENT

MEMORANDUM AND ORDER

Roger Dale Campbell, an inmate of the Arkansas Department of Correction, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss. It appears from the opinion of the Arkansas Supreme Court that Petitioner entered pleas of nolo contendere on July 25, 2003, to two counts of arson, one count of residential burglary and one count of domestic battering in the third degree, he was sentenced that same day to a total of eight years imprisonment and a judgment and commitment was also entered that day (Respondent's Exhibit B, p. 1). An amended judgment and commitment was filed on September 15, 2003 (Respondent's Exhibit A). On October 9, 2003, Petitioner filed a state habeas corpus petition, and on March 17, 2004, he filed a post-conviction motion under Rule 37 of the Arkansas Rules of Criminal Procedure. The trial court dismissed both petitions on March 9, 2005 (Respondent's Exhibit B, p. 1).

In the proceedings before this court, Petitioner raises the following grounds for relief:

1. The charging information and the arrest warrant were defective;

2. He was mentally incompetent at the time of his pleas because he was on medication and

3. He was denied his right to a speedy trial.

I.

In his Motion to Dismiss, Respondent argues the petition should be dismissed because it is untimely under 28 U.S.C. § 2244(d)(1), which establishes a one-year limitations period for filing federal habeas corpus petitions under 28 U.S.C. § 2254. The relevant triggering date in the present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).

In Arkansas, defendants who enter pleas of nolo contendere are not entitled to a direct appeal, Ark. R.App. P.-Crim. 1, and the conviction becomes final on the date the judgment is entered. Shabazz v. Norris, 2007 WL 772578 (E.D. Ark. March 9, 2007). Thus, Petitioner's convictions became final the date the original judgment and commitment was filed, or July 25, 2003, and at that point his federal habeas corpus petition was due to be filed no

later than July 25, 2004.  Petitioner did not sign his § 2254 petition until April 11, 2006.[1]

Section 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  In its order affirming the dismissal of Petitioner's state habeas petition and his Rule 37 petition, the Arkansas Supreme Court agreed with the state court's finding that Petitioner had filed his state habeas petition in the wrong county and it did not have jurisdiction to grant the writ (Respondent's Exhibit B, p.2).

> [A]n application is " properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000)(footnote omitted).  Because Petitioner's state habeas petition was filed in the wrong county, it was not "properly filed" under § 2244(d)(2).  The court further agreed with the trial court that Petitioner's Rule 37 petition was untimely (Respondent's Exhibit B, p. 2).  A state petition that is

---

[1] Respondent states he "assumes, for the purposes of applying the prison-mailbox rule, see Houston v. Lack, 487 U.S. 266 (1988); 28 U.S.C. § 2254 Rule 3(d), that [Petitioner] also placed it in the prison mail system on that date."  Respondent's Motion to Dismiss, p. 2.

untimely is not "properly filed" under § 2244(d)(2). <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005). Because neither of Petitioner's state petitions were "properly filed," they did not toll the running of the statute of limitations and this § 2254 petition is untimely. Even if the court did not start the statute running until the dismissal of both state petitions on March 9, 2005, this petition would be untimely, because Petitioner did not sign it until over a year later. Although given the opportunity, Petitioner has not explained why he did not file a timely motion, and therefore he has not shown he is entitled to equitable tolling. See <u>Pace DiGuglielmo</u>, 544 U.S. at 418.[2]

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss (DE #6) be, and it is hereby, granted. The petition is dismissed with prejudice and the relief prayed for is denied. Petitioner's Motion for the Appointment of Counsel (DE #3) is denied.

SO ORDERED this 13th day of August, 2007.

_____
United States Magistrate Judge

---

[2] The Court assumed without deciding that equitable tolling applies to the statute of limitations in § 2244(d). 544 U.S. at 418, n.8.